FILED

**NOT FOR PUBLICATION**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARDIP SINGH, | No. 10-70920 |
| Petitioner, | Agency No. A097-268-648 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
Submission Vacated April 11, 2014
Resubmitted November 20, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Hardip Singh, a native and citizen of India, petitions for review of an order

by the Board of Immigration Appeals, which affirmed an Immigration Judge's

denial of Singh's application for withholding of removal and relief under the

Convention Against Torture. Singh challenges the BIA's and the IJ's conclusion

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that changed country conditions in India rendered him ineligible for relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review for substantial evidence. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003). As the BIA's holding here regarding country conditions is essentially identical to the IJ's, "'we treat the IJ's statement of reasons as the BIA's and review the IJ's decision.'" *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (quoting *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir. 1996)). We deny the petition for review.

The IJ concluded that, assuming Singh's testimony was credible, he had suffered past persecution in India on account of his political and religious beliefs, entitling him to a rebuttable presumption that he had reason to fear future persecution. 8 C.F.R. § 1208.16(b)(1). The IJ then determined, however, that the government provided sufficient evidence of changed country conditions in India to rebut that presumption. *Id.* § 1208.16(b)(1)(i)(A). Substantial evidence supports this determination. Contrary to Singh's contention, the IJ's changed-conditions analysis was sufficiently "individualized." *See Chand v. INS*, 222 F.3d 1066, 1079 (9th Cir. 2000) ("[T]he determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports."). The IJ provided

an individualized assessment of Singh's situation and rationally construed the country reports in the record, which indicated that persecution of Sikhs by the government has greatly diminished, if not disappeared. *See Singh v. Holder*, 753 F.3d 826, 830-35 (9th Cir. 2014). Although the country reports contain some ambiguous and inconsistent language, "it is well established that a decision is supported by substantial evidence despite the presence of conflicting or ambiguous information in the country reports." *Id.* at 833. "The scope and precision of the country report evidence in the record distinguishes this case from the cases where we have deemed such evidence insufficient to support a determination that there has been a fundamental change in circumstances." *Id.* Therefore, substantial evidence supports the IJ's changed-conditions conclusion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("We must uphold the BIA's determination unless 'the evidence not only supports, but *compels* the conclusion that the . . . decision was incorrect.'").

Because the IJ's changed country conditions determination is supported by substantial evidence, Singh's claims for both withholding of removal and CAT protection fail. *See Sowe*, 538 F.3d at 1288 ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's . . . claim for withholding of removal."); *El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th

Cir. 2004) (finding no CAT eligibility where most of the government violence against stateless Palestinians had ended).

**PETITION FOR REVIEW DENIED.**